**Dee FARMER, Plaintiff,**

v.

**Kenneth P. MORITSUGU and James Reed, Defendants.**

No. 89–C–926–S.

United States District Court, W.D. Wisconsin.

March 26, 1990.

---

Dee Farmer, Terre Haute, Ind., pro se.

Mark A. Cameli, Asst. U.S. Atty., Madison, Wis., for Kenneth Moritsugu.

SHABAZ, District Judge.

Plaintiff was allowed to proceed *in forma pauperis* on his equal protection claim against defendants Kenneth Moritsugu and James Reed on October 25, 1989. He alleges in his complaint that defendant Reed did not allow him to work in food service in accordance with a policy issued by defendant Moritsugu because he had tested positive for HIV.

On February 15, 1990 defendants filed a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of fact and conclusions of law, affidavits and a brief in support of their motion. Plaintiff was given an extension until March 20, 1990 to file his brief in opposition to defendants' motion. To date, plaintiff has not filed his opposition brief and trial has been scheduled for April 6, 1990.

On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure.

■ Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but his response must set forth specific facts showing there is a genuine issue for trial. *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury would return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Since the plaintiff is proceeding *pro se* and has not submitted a brief in opposition to the defendants' motion for summary judgment the Court will examine the entire record to determine if there is a genuine dispute of material fact.

## FACTS

There is no genuine dispute as to any of the following material facts.

Plaintiff Dee Farmer is currently confined at the United States Penitentiary, Terre Haute, Indiana. At all times material to this action he was confined at the Federal Correctional Institution, Oxford, Wisconsin (FCI–Oxford).

Defendant Dr. Kenneth P. Moritsugu is an Assistant Surgeon General and the Medical Director of the Federal Bureau of Prisons, United States Department of Justice. Defendant Dr. James W. Reed, Jr. is a federal employee and a member of the National Health Service Corp (NHSC) which is a federal program within the Bureau of Health Care Delivery & Assistance,

United States Public Health Service. As a member of NHSC he has been assigned to FCI–Oxford as the Chief of Health Services since February 1987. He is responsible for planning, implementing, directing and controlling the professional aspects of the total comprehensive health care delivery program.

On March 24, 1988 defendant Reed received laboratory test results of blood drawn from plaintiff on March 7, 1988. The results, which were confirmed by further tests, revealed that the plaintiff had tested positive for the Human Immunodeficiency Virus (HIV). Defendant Reed informed plaintiff of the test results and counseled him regarding the confidentiality of his positive test results and the avoidance of high risk behaviors that could pose a health risk to others. Defendant Reed told plaintiff that only a few select staff would be aware of his test results and that he would be assigned to the Chronic Care Clinic for regular monthly monitoring of his medical condition.

On April 25, 1988 defendant Reed signed a Medical Duty Status Form indicating that plaintiff could not be assigned to work in food service. He made this decision in compliance with Bureau of Prisons Operations Memorandum 57–88 (6100), entitled Human Immunodeficiency Virus at p. 11, which prohibits inmates who test positive for the HIV virus from working in food service or the Institution hospital. Defendant Moritsugu promulgated this policy after concluding that it was necessary in order to maintain the security of the Institution and to avoid potentially problematic situations.

HIV is transmitted through blood and body fluids that contain blood and is not transmitted through casual contact. There are no reported cases of restaurant or hospital employees contracting the virus through their casual contact with infected co-workers or patients. There remains a perception among the uninformed and unconvinced that the virus is transmitted by ingesting or administering a product or substance that might have been handled by a person with HIV.

All sentenced inmates receive education about the AIDS virus, including how it is transmitted and how it is contracted, but many institutions house unsentenced inmates who have not received this education and remain unconvinced of the scientific evidence.

In correctional institutions inmates have no choice in food or hospital services. Inmates may perceive the presence of HIV positive inmates in food service or the hospital as a threat to their own health and well-being and might not adequately avail themselves of these services. If it became known that an inmate working in food services or the hospital had the HIV virus, the potential for disruption among uninformed or unconvinced inmates would be great. Restricting employment in food service by inmates known to be positive for HIV is an effort to maintain the order and security of the institution.

## CONCLUSIONS OF LAW

Plaintiff claims that his equal protection rights were violated because he was treated differently than inmates who have not tested positive for HIV when he was not allowed to work in food services at FCI–Oxford. His claim may be decided according to the law since there is no genuine dispute as to any material fact.

■ In the absence of an invidious classification, equal protection requires only that a classification which results in unequal treatment bear some rational relationship to a legitimate government purpose. *French v. Heyne*, 547 F.2d 994 (7th Cir. 1976).

■ The decision by defendant Reed forbidding inmates who have tested positive for HIV from working in food service or the hospital is a classification that results in unequal treatment. However, this classification is rationally related to a legitimate governmental purpose. The purpose is to maintain security and order in the institution.

Scientific evidence indicates that HIV cannot be transmitted through casual contact with food or hospital workers but

many people remain unconvinced by this evidence. Although the identity of inmates who test positive for HIV is confidential, their identity may become known to other inmates. If inmates knew that an inmate who tested positive for HIV was working in food service or the hospital, they might become concerned for their health or well being. These inmates could either cause a disruption because of their fear or refrain from availing themselves of necessary services. Either of these outcomes threatens the order and security of the institution.

Plaintiff argues that the classification is not rationally related to a legitimate governmental purpose because HIV cannot be transmitted by casual contact with food handlers. However, it is undisputed that the purpose for the defendants' decision was not to prevent the transmittal of the disease but to maintain the security and order of the institution. Security and order are threatened by the inmates' fear of the transmittal of the disease and their actions based on this fear.

The Court finds that plaintiff's equal protections rights were not violated by the defendants' decision to prevent him from working in food service after he tested positive for HIV because this decision was rationally related to the legitimate governmental purpose of maintaining security and order in a penal institution. Accordingly, defendants' motion for summary judgment will be granted.

### ORDER

IT IS ORDERED that defendants' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that judgment is entered in favor of the defendants DISMISSING plaintiff's complaint and all claims contained therein with prejudice and costs.